IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SYNCRUDE CANADA LTD., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-12-00318 |
| THE HIGHLAND CONSULTING GROUP, INC., *et al.*, | * | |
| | * | |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Plaintiff Syncrude Canada Ltd. ("Syncrude" or "Plaintiff") has brought this action pursuant to the Maryland Uniform Foreign Money-Judgment Recognition Act, Maryland Code, Courts and Judicial Proceedings, §§ 10-701 *et seq.* ("the Recognition Act") against Defendants The Highland Consulting Group Inc. ("HCG"), High Energy Consultants, Inc. ("HEC"), and The Highland Group International GmbH ("HGI") (collectively "the Highland Defendants"). Specifically, Syncrude seeks recognition of the October 18, 2011 default judgment in the amount of $1,343, 871.34 rendered by the Court of Queen's Bench of Alberta, Canada ("Canadian Judgment") in the breach of contract action brought by Syncrude against the Highland Defendants. This action is before this Court pursuant to 28 U.S.C. § 1332(a) because complete diversity exists[1] and the amount in controversy is greater than $75,000.

---

[1] Plaintiff Syncrude is a Canadian corporation with its principal place of business in Alberta, Canada. The Highland Consulting Group Inc. and High Energy Consultants, Inc. are Delaware corporations with their

1

Presently pending is the Highland Defendants' Motion to Dismiss (ECF No. 8) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Also pending is Plaintiff Syncrude's Cross-Motion for Summary Judgment (ECF No. 12) pursuant to Local Rule 105.2(c) and Rule 56 of the Federal Rules of Civil Procedure.[2]  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons that follow, Defendants The Highland Consulting Group Inc., High Energy Consultants, Inc., and The Highland Group International GmbH's Motion to Dismiss (ECF No. 8) is DENIED in part and GRANTED in part.  Specifically, the motion is DENIED as to Defendants The Highland Consulting Group Inc. and High Energy Consultants, Inc., which have their principal places of business in Maryland and GRANTED by agreement of the parties as to Defendant The Highland Group International GmbH, which has its principal place of business in Switzerland.[3]  Plaintiff's Cross-Motion for Summary Judgment (ECF No. 12) is GRANTED in favor of Plaintiff Syncrude Canada Ltd. against Defendants The Highland Consulting Group Inc. and High Energy Consultants, Inc.

BACKGROUND

Plaintiff Syncrude Canada Ltd. is a Canadian corporation with its principal place of business in Alberta, Canada.  Pl.'s Compl. ¶ 1, ECF No. 1.  The Highland Consulting Group Inc. ("HCG") and High Energy Consultants, Inc. ("HEC") (collectively "Maryland

---

principal places of business in St. Michaels, Maryland.  The Highland Group International GmbH is a Swiss limited liability company with its principal place of business in Zug, Switzerland.
[2] Plaintiff Syncrude has filed a Cross-Motion for Summary Judgment because it contends that while the Highland Defendants have styled their motion as a Motion to Dismiss pursuant to Rule 12(b)(6), it should properly be treated as a Motion for Summary Judgment as it requires consideration of matters outside the pleadings.
[3] Pl.'s Opp. to Def.'s Mot. to Dismiss & in Supp. of Cross-Mot. for Summ. J. at 2 n.1, ECF No. 11.

Defendants") are Delaware corporations with principal places of business in St. Michaels, Maryland.  *Id.* ¶¶ 2-3.  The Highland Group International GmbH ("HGI") is a Swiss limited liability company with its principal place of business in Zug, Switzerland.  *Id.* ¶ 4.

On November 1 2008, Syncrude entered into a contract with HCG for the provision of consulting services "to improve overall maintenance contractor workforce productivity ("the Contract")."  Statement of Claim ¶ 4, Alberta Court of Queen's Bench, Record at 4, ECF No. 1-1; *see also* Jocelyne C. George Decl., Ex 1 (the Contract), ECF No. 11-1.  Under the Contract, the parties agreed that the law of the Province of Alberta would govern. George Decl., Ex. 1 at 2.  K. Todd Bittner ("Mr. Bittner") in his capacity as "Corporate Comptroller" executed the Contract on behalf of HCG.  *Id.* at 1.  Although the Contract was executed by HCG, all three Highland Defendants each performed services for Syncrude under the Contract and submitted separate invoices to Syncrude for those services.  George Decl. ¶¶ 7-8, Exs. 4-5 (Invoices).  Additionally, Syncrude regularly communicated with Mr. Bittner "regarding important aspects of the business relationship."  Pl.'s Opp. to Defs.' Mot to Dismiss at 3, ECF No. 11; *see also* George Decl., Ex 6-7(Emails and Letters).

On July 26, 2011, Syncrude filed a breach of contract action against the Highland Defendants in the Court of Queen's Bench of Alberta, Case Number 1103 1134 ("Canadian Litigation").  Pl.'s Compl. ¶ 8, ECF No. 1.  The Highland Defendants were served by registered mail at their respective principal offices according to the Alberta Rules of Court and the Alberta Business Corporation Act.  *Id.* ¶¶ 9-13; *see also* Affs. of Serv., Court of Queen's Bench of Alberta Record at 8-16.  Mr. Bittner signed the return receipts

3

acknowledging service for both Maryland Defendants on August 2, 2011.  *Id.* at 10, 13.  Raz Walter signed a return receipt on behalf of Highland Group International GmbH on August 3, 2011.  *Id.* at 16.  At no time relevant to this action was Mr. Bittner specifically listed as a resident agent, president, secretary or treasurer for the Maryland Defendants.  Kerridge Aff. ¶ 2, ECF No. 8-2.  According to the Maryland State Department of Assessments and Taxation, James G. Kerridge was the listed Resident Agent for both Maryland Defendants.  *Id.* ¶ 3.  Despite this notice, none of the Defendants filed responsive or opposition pleadings in the Canadian Litigation.  Default Judgment, Court of Queen's Bench of Alberta Record at 18.  Accordingly, on October 18, 2011, the Court of Queen's Bench of Alberta entered a default judgment ("Canadian Judgment") in favor of Syncrude against all three Highland Defendants in the amount of $1,343,871.34.  Alberta Court of Queen's Bench, Record at 1, 18.  Subsequently, in an effort to enforce the Canadian Judgment against the Highland Defendants, Syncrude filed the present action before this Court pursuant to the Maryland Uniform Foreign Money-Judgment Recognition Act, Maryland Code, Courts and Judicial Proceedings, §§ 10-701 *et seq.* ("the Recognition Act").

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(d), consideration of matters outside the pleadings converts Defendants' Motion to one for summary judgment, rather than a motion to dismiss.  *See Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (if "matters outside of the pleading are presented to and not excluded by the court," then "the motion must be treated as one for summary judgment under Rule 56").

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

When both parties file motions for summary judgment, as here, the court applies the same standards of review. *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991); *ITCO Corp. v. Michelin Tire Corp.*, 722 F.2d 42, 45 n.3 (4th Cir. 1983) ("The court is not permitted to resolve genuine issues of material fact on a motion for summary judgment-even where . . . both parties have filed cross motions for summary judgment.") (emphasis omitted). The role of the court is to "rule on each party's motion on an individual and separate basis, determining, in each case, whether a judgment may be entered in accordance with the Rule 56 standard." *Towne Mgmt. Corp. v. Hartford Accident & Indem. Co.*, 627 F. Supp. 170, 172 (D. Md. 1985). The court must therefore "evaluate each party's motion on its own merits, taking care to draw all reasonable inferences against the party whose motion is under consideration." *Bd. of Educ. of Frederick Cnty. v. I.S.*, 325 F. Supp. 2d 565, 578 (D. Md. 2004) (quoting *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987)). "[B]y

5

the filing of a motion [for summary judgment] a party concedes that no issue of fact exists under the theory he is advancing, but he does not thereby so concede that no issues remain in the event his adversary's theory is adopted." *Nafco Oil & Gas, Inc. v. Appleman*, 380 F.2d 323, 325 (10th Cir. 1967); *see also McKenzie v. Sawyer*, 684 F.2d 62, 68 n.3 (D.C. Cir. 1982) ("[N]either party waives the right to a full trial on the merits by filing its own motion."). However, when cross-motions for summary judgment demonstrate a basic agreement concerning what legal theories and material facts are dispositive, they "may be probative of the non-existence of a factual dispute." *Shook v. United States*, 713 F.2d 662, 665 (11th Cir. 1983) (citation omitted).

## ANALYSIS

According to Plaintiff Syncrude Canada Ltd. ("Syncrude") and Defendants The Highland Consulting Group Inc. ("HCG"), High Energy Consultants, Inc. ("HEC"), and The Highland Group International GmbH ("HGI") (collectively "the Highland Defendants"), there are no disputes as to material facts in this case. Moreover, the parties agree that this Court lacks jurisdiction to enforce a judgment issued by a Canadian court on a Swiss defendant.[4] *See* 28 U.S.C. 1332(a) (enunciating the circumstances under which federal courts have original jurisdiction over a case); *see also Motors LLC v. General Motors Europe*, 551 F.3d 420, 423 (6th Cir. 2008) ("Because [d]iversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants, the presence of U.S. citizens on only one side of the dispute does not preserve jurisdiction.") (internal quotation marks omitted). Thus,

---

[4] *See supra* note 3.

Defendant the Highland Group International GmbH is dismissed from this action for lack of jurisdiction.

The remaining Defendants, The Highland Consulting Group and High Energy Consultants (collectively "Maryland Defendants"), contend that this action should be dismissed for three reasons: (1) Syncrude failed to comply with the terms of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), T.I.A.S. No. 6638, 20 U.S.T. 361 (1965) as well as federal law in effecting service on Todd Bittner in the Canadian Litigation; (2) the Canadian Judgment is unenforceable under the Money-Judgment Recognition Act, Maryland Code, Courts and Judicial Proceedings, §§ 10-701 *et seq.* ("the Recognition Act") because the Alberta Court lacked jurisdiction over these Defendants; and (3) the Canadian Judgment is repugnant to Maryland public policy. Specifically, Defendants contend that their issue lies not with Syncrude's use of international registered mail, which they deem acceptable under the Hague Convention, but rather with its improper service of Todd Bittner whom they allege was not authorized under Maryland law to accept service of process on their behalf.

The Recognition Act "was intended to promote principles of international comity by assuring foreign nations that their judgments would, under certain well-defined circumstances, be given recognition" in Maryland courts. *Wolff v. Wolff*, 389 A.2d 413, 417 (Md. App. 1978) *aff'd*, 401 A.2d 479 (Md. 1979). It defines a foreign judgment as "any judgment of a foreign state granting or denying recovery of a sum of money. It does not mean a judgment for taxes, fine, or penalty, or a judgment for support in matrimonial or

family matters." MD. CODE, CTS. & JUD. PROC. § 10-701(b).  Under the Recognition Act, a foreign judgment is enforceable where it "is final, conclusive, and enforceable where rendered even though an appeal is pending or it is subject to appeal." *Id.* § 10-702.  "A foreign judgment is not conclusive if . . . [t]he foreign court does not have personal jurisdiction over the defendant." *Id.* § 10-704(a)(2).  As discussed above, the Maryland Defendants' main contention is that the default judgment issued against them by the Court of Queen's Bench of Alberta ("Canadian Judgment") in Case Number 1103 1134 is unenforceable under the Recognition Act because the Alberta Court lacked personal jurisdiction over them due to Syncrude's ineffective service of process.  Specifically, the Maryland Defendants argue that under the Hague Convention, the Alberta Rules of Court, Rule 4(e)(1) of the Federal Rules of Civil Procedure and Rule 2-124(d) of the Maryland Rules of Civil Procedure service of process in the Canadian Litigation would only have been valid if Syncrude had effected service on the corporations' "resident agent, president, secretary, or treasurer." Md. R. 2-124(d).

Initially, this Court notes that the United States Court of Appeals for the Fourth Circuit has not addressed the issue of registered mail under Article 10(a) of the Hague Convention.  However, there is a split of authority among other circuits concerning the validity of this type of service under the Convention.  The Hague Convention, ratified by the United States in 1965, "was intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive *actual* and timely notice of suit, and to facilitate proof of service abroad."  *Volkswagenwerk Aktiengesellschaft v. Schlunk*,

486 U.S. 694, 698 (1988) (emphasis added).  Where applicable, the Hague Convention's procedures must be adhered to "in all cases, in civil and commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Hague Convention, 20 U.S.T. 361, 362.  Articles 2 through 5 of the Convention provide for service through a receiving country's "Central Authority."  20 U.S.T. at 362-63.  Article 8 allows parties of a contracting state to effect service directly through "diplomatic or consular agents."  20 U.S.T. at 363.  The provision of the Hague Convention at issue is Article 10(a) which states that "[p]rovided the State of destination does not object,[5] the present Convention shall not interfere with–(a) the freedom to *send* judicial documents, by postal channels, directly to persons abroad . . ." *Id.* (emphasis added).  "It has been suggested that no single provision in the Hague Convention has received as much judicial attention as Article 10(a)." *Randolph v. Hendry*, 50 F. Supp. 2d 572, 576 (S.D. W. Va. 1999) (citation omitted).

United States courts "disagree[ ] about whether the phrase 'the freedom to *send* judicial documents' . . . includes the meaning freedom to *serve* judicial documents." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (emphasis in original).  On the one hand, the Courts of Appeals for the Fifth and Eighth Circuits have held that *send* is not equivalent to service and only applies to the mailing by registered mail of documents following service

---

[5] The United States has not objected to service by mail.  *See Brockmeyer v. May*, 383 F.3d 798, 803-04 (9th Cir. 2004); *Ackermannn v. Levine*, 788 F.2d 830, 839 (2nd Cir. 1986); *Koehler v. Dodwell*, 152 F.3d 304, 307-08 (4th Cir. 1998); Practice Commentary, Fed. R. Civ. Pro. 4, 28 U.S.C. at C4-24 ("the United States . . . [has] not objected to mail service.  Hence a plaintiff in a foreign litigation who has from its own local procedural law the right to make extraterritorial mail service, and has to do so upon a defendant in the United States, will find no U.S. barrier to it.").

of process under other provisions of the Convention.  *See Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 2002); *Bankston v. Toyota Motor Corp.*, 889 F.2d 172 (8th Cir. 1989).  Accordingly, both courts have held that service of process by registered mail is not permitted under the Hague Convention.  *See Nuovo Pignone*, 310 F.3d at 385; *Bankston*, 889 F.2d at 174.  On the other hand, as acknowledged by the *Brockmeyer* court, "[a] second line of cases follows *Ackermann v. Levine*, 788 F.2d 830, 838 (2d Cir. 1986), in which the Second Circuit approved" service by registered mail under the Convention.  *Brockmeyer*, 383 F.3d at 802.  However, while the Fourth Circuit has not yet addressed this issue, the majority of district courts in the Fourth Circuit have followed the *Ackermann* decision by holding that service by registered mail is appropriate under Article 10(a) of the Convention.  *Compare U.S. Sec. & Exch. Comm'n v. Int'l Fiduciary Corp., S.A.*, Case No. 1:06-cv-1354, 2007 WL 7212109 (E.D. Va. March 29, 2007), *and ePlus Technology, Inc.. v. Aboud*, 155 F. Supp. 2d 692, 696-97 (E.D. Va. 2001), *and Randolph*, 50 F. Supp. 2d at 572, 578; *and Hammond v. Honda Motor Co., Ltd.*, 128 F.R.D. 638, 641 (D.S.C. 1989), *and Rich v. KIS California, Inc.*, C-87-801-WS, 1988 WL 47605 at *3 (M.D.N.C. April 25, 1988), *with Knapp v. Yamaha Motor Corp. U.S.A.*, 60 F. Supp. 2d 566, 570-73 (S.D. W. Va. 1999), *and Fleming v. Yamaha Corp., USA*, 774 F. Supp. 992, 996 (W.D. Va. 1991).

This view is also supported by a Handbook of the Permanent Bureau of the Hague Conference[6] explaining that permitting service of process by registered mail "seems to have

---

[6] The Permanent Bureau of the Hague Conference on Private International Law prepares and organizes the Plenary Sessions and Special Commissions of the Hague Conference.  Hague Conference on Private International Law, *What is the Permanent Bureau of the Hague Conference?*, http://www.hcch.net/index_en.php?act=faq.details&fid=30 (last visited Jan. 8, 2013).

been the implicit understanding of the delegates at the 1977 Special Commission meeting, and indeed of the legal literature on the Convention and its predecessor treaties." HAGUE CONFERENCE ON PRIVATE INTERNATIONAL LAW, PRACTICAL HANDBOOK ON THE OPERATION OF THE HAGUE CONVENTION OF 15 NOVEMBER 1965 ON THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS 44 (1992). Additionally, the United States Department of State explicitly adopted the Second Circuit's interpretation of Article 10(a) in *Ackermann* by specifically rejecting the Eighth Circuit's decision in *Bankston*. Letter from Alan J. Kreczco, U.S. Dep't of State Deputy Legal Adviser, to Admin. Off. of U.S. Cts. and Nat'l Ctr. for State Cts. (March 14, 1991), *re-printed in part in United States Department of State Opinion Regarding the Bankston Case and Service by Mail to Japan under the Hague Service Convention*, 30 I.L.M. 260 (1991). Accordingly and in light of the overwhelming precedent in favor of this position, this Court adopts the *Ackermann* line of cases in holding that service of process by registered mail is permitted under Article 10(a) of the Hague Convention.[7]

Having made this determination, this Court addresses the precise issue as to whether Plaintiff Syncrude's service of process on the Maryland Defendants was proper and therefore subjected them to the Alberta Court's jurisdiction. Upon entering into the Contract at issue in the Canadian Litigation, the parties specifically selected the law of the Province of Alberta, Canada as the governing law. Jocelyne C. George Decl., Ex 1 (the

---

[7] Notably, at least one Court in Maryland has long subscribed to this view. *See Nicholson v. Yamaha Motor Company Limited*, 566 A.2d 135 (Md. App. 1989 (holding that no violation of the Hague Convention occurred where the plaintiff used restricted delivery mail to effect service on a Japanese manufacturer).

Contract), ECF No. 11-1.  Accordingly, Alberta law governed service of process to the extent that the method used was not prohibited by the United States.  As the Maryland Defendants did not maintain an office or agent in Alberta, Syncrude necessarily had to transmit documents abroad to effect service, therefore triggering the application of the Hague Convention.  *See Volkswagenwerk*, 486 U.S. at 700 ("If the internal law of the forum state defines the applicable method of serving process as requiring transmittal of documents abroad, then the Hague Service Convention applies.").

Rule 11.26(1) of the Alberta Rules of Court with respect to service outside of Alberta dictates:

> Unless the Court otherwise orders, if a document may be served outside Alberta under these rules, the document must be served:
> (a) by a method provided by these rules for service of the document in Alberta,
> (b) in accordance with a method of service of documents under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters *that is allowed by the jurisdiction in which the document is to be served*, if the Convention applies, or
> (c) in accordance with the law of the jurisdiction in which the person to be served is located.

Alberta Reg. 124/2010, Alberta Rules of Court § 11.26 (emphasis added).  Under Alberta law service of process on a corporation may be sent "by recorded mail, addressed to the corporation, to the principal place of business or activity."  *Id.* § 11.9(1)(b).  "Service is effected . . . on the date of the acknowledgement of receipt is signed."  *Id.* § 11.9(2)(b).

In the United States, Rule 4 of the Federal Rules of Civil Procedure provides that a domestic or foreign corporation must be served either by "following state law for serving a summons in an action brought in courts of general jurisdiction . . .or by delivering a copy of

12

the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. Pro. 4(e)(1), 4(h). Maryland law states that "[s]ervice is made upon a corporation . . . by serving its resident agent, president, secretary, or treasurer." Md. R. 2-124(d). This Court has held that failure to comply with the state's rules concerning service of process is a violation of due process. *See Brown v. American Institute for Research*, 487 F. Supp. 2d 613, 616-17 (D. Md. 2007) (involving several improper attempts at service by a Maryland plaintiff on a District of Columbia defendant). Moreover, in *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984), the Fourth Circuit held that the "requirements for the means of effecting service of process may not be ignored." However, the Fourth Circuit concluded that "[w]hen the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction." *Id.* Therefore, this Court has previously held that actual notice in some instances cures technical violations of Rule 4. *Id. See also Atkins v. Winchester Homes*, CCB-06-278, 2007 WL 269083 at *5 (D. Md. Jan 17, 2007) ("Here, because defendant had actual notice of the pendency of the action, the rules are entitled to a liberal construction."); *Maryland Nat'l Bank v. M/V Tanicorp I*, 796 F. Supp. 188, 190 (D. Md. 1992) (finding service of process valid where defendant maintained that service was improper but never denied receiving actual notice.).

In this case, the Maryland Defendants make much of the fact that Syncrude's service of process was not addressed to a specific person at the corporations and that it was received by an "unauthorized" person under Maryland Rule 2-124(d), namely Corporate Comptroller

Todd Bittner ("Mr. Bittner"). However, the record reflects that Mr. Bittner was one of the signatories to the Contract between the parties. He was also Syncrude's main point of contact to the Maryland Defendants throughout the business relationship. Because he acknowledged receipt of Syncrude's service of process, the Maryland Defendants had actual notice of the pendency of an action against them in the Alberta Court. Moreover, nowhere in the pleadings have the Maryland Defendants denied having received actual notice. Accordingly, service of process in the Canadian Litigation was proper and authorized under federal and state law.

Finally and alternatively, the Maryland Defendants further argue that the Canadian Judgment should not be recognized under the Recognition Act because "[t]he cause of action on which the judgment is based is repugnant to the public policy of the State." MD. CODE., CTS. & JUD. PROC., § 10-704. This Court is hard-pressed to understand how a default judgment issued in a case where the defendants had actual knowledge of the suit yet refused to file any response is repugnant to federal or Maryland public policy. Additionally, "[t]he increasing internationalization of commerce requires 'that American courts recognize and respect the judgments entered by foreign courts to the greatest extent consistent with our own ideals of justice and fair play.' " *Ackermann v. Levine*, 788 F.2d 830, 845 (2nd Cir. 1986) (quoting *Tahan v. Hodgson*, 662 F.2d 862, 868 (D.C. Cir. 1981)). "It is intrinsically awkward to confront foreign judgments with the potentially divergent law of fifty states and federal courts, and recognition of foreign judgments at least touches concerns of foreign relations in which the national government has paramount interests." 18 C. WRIGHT, A.

14

MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4473 at 743 (1981). Thus, the Canadian Judgment is conclusive and enforceable under the Money-Judgment Recognition Act, Maryland Code, Courts and Judicial Proceedings, §§ 10-701 *et seq.*

## CONCLUSION

For the reasons stated above, Defendants The Highland Consulting Group Inc., High Energy Consultants, Inc., and The Highland Group International GmbH's Motion to Dismiss (ECF No. 8) is DENIED in part and GRANTED in part. Specifically, the motion is DENIED as to Defendants The Highland Consulting Group Inc. and High Energy Consultants, Inc., and GRANTED by agreement of the parties as to Defendant The Highland Group International GmbH. Plaintiff's Cross-Motion for Summary Judgment (ECF No. 12) is GRANTED in favor of Plaintiff Syncrude Canada Ltd. against Defendants The Highland Consulting Group Inc. and High Energy Consultants, Inc.

A separate Order follows.

Dated:	January 10, 2013		/s/_____
					Richard D. Bennett
					United States District Judge